IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| SUA Insurance Company, as Subrogee of James Sea Builders, Inc. and James Carroll, | ) ) ) ) | |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | Civil Action No. 4:09-cv-1798-TLW |
| Odom Investments, Inc. and Malcolm C. Odom, | ) ) ) ) | **ORDER** |
| Defendants. | ) ) ) | |

  This matter is now before the Court for consideration of Defendants' Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which relief can be granted. (Doc. # 10). On September 14, 2009, Plaintiff filed a Response in Opposition. (Doc. # 11). Defendants filed a Reply on October 5, 2009. (Doc. # 12). The Court has carefully considered the pleadings, motions, and memoranda of the parties, and this matter is now ripe for disposition.

  Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." It has been noted that "[a] motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted is a challenge to the legal sufficiency of a complaint, as governed by Rule 8." Federal Trade Commission v. Innovative Marketing, Inc., 654 F.Supp.2d 378, 384 (D. Md. 2009). The Supreme Court has recently held that "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v.

Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)). The Supreme Court noted that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," and noted that "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. See Harman v. Unisys Corp., 2009 WL 4506463 *2 (4th Cir. 2009). The Court added that "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions" and that, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Court further noted that "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. at 1950.

Defendants seek dismissal of Plaintiff's claims of negligent misrepresentation, fraud, negligence, and equitable indemnity. Defendants assert that these claims arise out of a previous action brought in Federal Court where the owner of certain architectural works sued several homebuilders for violation of the Copyright Act, 17 U.S.C. §§ 101, et seq. Defendants Odom Investments and Malcolm Odom of this present case state that the previous case was settled between the four main defendants and the plaintiff, The Sater Design Collection, Inc., with the insurance carriers agreeing to pay out to Sater. Plaintiff, SUA Insurance Company, has brought this suit seeking recovery of its settlement payment as well as attorney's fees and expenses.

Defendants assert that where an action is premised upon the violation of a federal statute, indemnification from another who has violated the same statute is permissible only if the right arises

either through creation of the right by Congress or by the court's ability to create federal common law. Pure Country Weavers, Inc. v. Bristar, Inc., 410 F.Supp.2d 439, 448 (W.D.N.C. 2006) (citing Mortgages, Inc. v. U.S. Dist. Court for Dist. of Nev. (Law Vegas), 934 F.2d 209, 212 (9th Cir. 1991). Defendants argue that the court in Bristar concluded that there was no right of indemnification created by Congress in the Copyright Act and that this was not a situation where the court should create a federal common law right to indemnification. Id. Defendants cite to Frank Betz Assoc., Inc. v. Signature Homes, Inc., 2009 WL 2151304 (M.D. Tenn. 2009) for the same proposition. Defendants assert that Plaintiff is seeking recovery through indemnification, which based on the caselaw cited, is impermissible under the circumstances.

Plaintiff cites to Foley v. Luster, 249 F.3d 1281 (11th Cir. 2001) for its assertion that the Copyright Act does not preempt state law indemnification remedies sought by a former defendant in a copyright dispute. Plaintiff cites to Foley, which states, "Section 301 of the Act preempts all state causes of action based on a right found in the Act or an equivalent to such a right . . . . The indemnity case before us, however, does not concern the rights of a copyright holder. Rather, it concerns the allocation of responsibility between copyright infringers." Id. at 1285-86 (emphasis in original). Plaintiff then notes that the Eleventh Circuit Court of Appeals applied general preemption law to the case and determined that the indemnity claim was not preempted. Id. at 1286-88. The Eleventh Circuit concluded, "the Act does not touch on the field of common law indemnity, and indemnity does not intrude upon the field of rights guaranteed by the Act." Id. at 1288. Additionally, Plaintiff states that the claims it has asserted govern behavior that is wholly independent of the Copyright Act and include elements not found in the Copyright Act. Moreover, Plaintiff asserts that the case before this Court is a completely separate action, not intending to uphold the rights of a

3

copyright holder, but to resolve a dispute between two copyright infringers. This Court adopts the general analysis set forth in Foley v. Luster.

This Court notes that neither party has cited to any controlling precedent from the Fourth Circuit Court of Appeals or from the United States Supreme Court which specifically addresses the issue before the Court. However, after carefully reviewing the cases cited by both parties, this Court finds the arguments asserted by Plaintiff as set forth in Foley v. Luster and other cases persuasive. Therefore, this Court concludes that Plaintiff has stated claims upon which relief can be granted. Taking the allegations asserted by Plaintiff as true, this Court concludes the allegations and related caselaw are sufficient to deny the Rule 12(b)(6) motion to dismiss. For these reasons, Defendants' motion to dismiss is denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss Plaintiff's claims is **DENIED**. (Doc. # 10).

**IT IS SO ORDERED**.

    s/Terry L. Wooten
TERRY L. WOOTEN
United States District Judge

March 16, 2010
Florence, South Carolina